IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EAGLE REBAR & CABLE COMPANY, INC.**                  **PLAINTIFF**

v.                                                    **CAUSE NO. 1:17CV25-LG-RHW**

**SOUTHERN INDUSTRIAL CONTRACTORS,
LLC; ADS, LLC; and TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA**                  **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART MOTION
### TO COMPEL ARBITRATION AND STAY PROCEEDINGS

**BEFORE THE COURT** is the Motion to Compel Arbitration and Stay Proceedings [11] filed by the defendant Southern Industrial Contractors, LLC. No party has responded to the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Compel Arbitration and Stay Proceedings should be granted as to Eagle Rebar's claims against Southern Industrial. To the extent that Southern Industrial is seeking to compel arbitration of Eagle Rebar's claims against ADS, LLC, another defendant that has not made an appearance in this lawsuit, the Court finds that the Motion should be denied. Southern Industrial's request for a stay is granted.

### BACKGROUND

Southern Industrial served as the general contractor on a construction project at the port in Gulfport, Mississippi. The defendant Travelers Casualty and Surety Company allegedly provided a payment bond to Southern Industrial for the project. Southern Industrial retained the defendant ADS, LLC, and the plaintiff

Eagle Rebar & Cable Company, Inc., to work as subcontractors on the project. ADS also retained Eagle Rebar to perform portions of ADS's subcontract.

Eagle Rebar filed this lawsuit, claiming that the defendants have not paid it for the work it performed pursuant to the subcontract with Southern Industrial and the sub-subcontract with ADS. Southern Industrial seeks an order compelling arbitration and staying this lawsuit pending arbitration.

## DISCUSSION

### I.  MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act (FAA) applies to arbitration agreements involving interstate commerce. 9 U.S.C. §§ 1, 2. Southern Industrial is a Louisiana limited liability company, and Eagle Rebar is a Mississippi corporation. Southern Industrial has represented to the Court that the port construction project was a multi-million-dollar construction project involving entities and supplies from multiple states, and no party has objected to this characterization. Since the subcontract involved interstate commerce, the agreement to arbitrate contained in the subcontract is governed by the FAA, which "establishes a liberal policy favoring arbitration and a strong federal policy in favor of enforcing arbitration agreements." *See New Orleans Glass Co. v. Roy Anderson Corp.*, 632 F. App'x 166, 169 (5th Cir. 2015) (holding that a construction subcontract was governed by the FAA); *see also Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (discussing FAA policy favoring arbitration).

"To determine whether the parties agreed to arbitrate this dispute, we ask two questions: (1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement." *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014) (internal quotation marks omitted). Courts also "consider whether any federal statute or policy renders the claims non-arbitrable." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). Any doubts regarding the scope of the arbitration clause are generally resolved in favor of arbitration. *Pers. Sec. & Safety Sys. Inc.*, 297 F.3d at 392.

The subcontract between Southern Industrial and Eagle Rebar provides:

30.0 Notwithstanding the above, and except for Contractor's rights to terminate for convenience as set forth herein above, the Parties agree to work in good faith to resolve issues that may arise under this Subcontract or related to the Project pursuant to the following process as a condition precedent to the filing of any legal action:

(a) First level review will be performed by Contractor's Project manager and Subcontractor's counterpart. In the event the disagreement is not resolved to both Parties' satisfaction after reasonable and diligent efforts, within five (5) business days from the time a Party's representative first provides written notice to the other Party's representative, the issue shall be submitted to (b) below.

(b) The Contractor's and Subcontractor's Senior Executive level shall perform a second review of any unresolved issue.

(c) In the event the disagreement is not resolved within five (5) business days to both Parties' satisfaction after reasonable and diligent efforts, any matter remaining unresolved may then be filed as a legal action in a court located in the county where the Project is located. **However, Subcontractor hereby stipulates and agrees that at the sole and exclusive option of the Contractor, any claim, dispute[,] issue[,] or matter remaining unresolved arising from or in any way whatsoever connected with the Subcontract or**

> **Project shall be submitted to binding arbitration to be administered by the American Arbitration Association in accordance with the American Arbitration Association Construction Industry Arbitration Rules which arbitration shall be conducted in Rayville, Louisiana.** The Contractor's election to require arbitration may be made at any time within 60 days prior to the commencement of a trial on the merits.

(Def.'s Mot., Ex. B at 11, ECF No. 11-3) (emphasis added). Based on the record before the Court, Eagle Rebar and Southern Industrial have entered into a valid agreement to arbitrate, and this lawsuit falls within the scope of the arbitration agreement. Eagle Rebar has not filed a response in opposition to Southern Industrial's Motion to Compel Arbitration, and it has not presented any reason for denying Southern Industrial's Motion to Compel Arbitration. Therefore, the Motion is granted to the extent it seeks an order compelling arbitration of Eagle Rebar's claims against Southern Industrial.

However, Southern Industrial also seeks an order compelling arbitration of Eagle Rebar's claims against ADS. The Court will not compel arbitration of claims against a party that has not appeared in this lawsuit, particularly since Southern Industrial has not demonstrated that it has standing to seek an order compelling arbitration of Eagle Rebar's claims against ADS.

## II.  MOTION TO STAY

A case can be stayed among non-arbitrating parties where "(1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are inherently inseparable; and (3) the litigation has a critical impact on the arbitration." *Rainier DSC 1, K.L.C. v. Rainier Capital Mgmt.,*

*L.P.*, 828 F.3d 356, 360 (5th Cir. 2016).  Since Eagle Rebar's claims against Southern Industrial are closely related to and inherently inseparable from its claims against ADS and Travelers, the Court finds that the entire lawsuit should be stayed pending arbitration of Eagle Rebar's claims against Southern Industrial.

### CONCLUSION

For the foregoing reasons, the Court finds that Eagle Rebar should be compelled to submit its claims against Southern Industrial to binding arbitration. Eagle Rebar's lawsuit against Southern Industrial, ADS, and Travelers is stayed pending the outcome of that arbitration.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Compel Arbitration [11] filed by the defendant Southern Industrial Contractors, LLC, is **GRANTED** as to Eagle Rebar's claims against Southern Industrial and is **DENIED** as to Eagle Rebar's claims against ADS, LLC.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for a Stay [11] filed by the defendant Southern Industrial Contractors is **GRANTED**. This lawsuit is **STAYED** pending arbitration of Eagle Rebar's claims against Southern Industrial.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE